UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

CHRISTOPHER GANNON,

  Plaintiff,

v.          COMPLAINT

             Case Number: 2:25-cv-1903

MANPOWERGROUP INC.,

  Defendant.

---

Plaintiff, Christopher Gannon, through his attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson and Nicholas O. Yurk, alleges in this Complaint as follows:

### NATURE OF THE CASE

1. Plaintiff alleges that Defendant, ManpowerGroup Inc., violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et. seq.*] by firing him after he requested FMLA-protected leave to prevent him from exercising his rights under the FMLA and in retaliation for exercising his rights under the FMLA.

### JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims under the FMLA is conferred on this Court by 28 U.S.C. § 1331.

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, because the parties reside in the Eastern District of Wisconsin and the unlawful actions occurred in the Eastern District of Wisconsin.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of FRCP 9(c), have been performed or have otherwise occurred.

## JURY DEMAND

5. Plaintiff demands that his case be tried to a jury of his peers.

## PARTIES

6. Plaintiff, Christopher Gannon, is an adult who is domiciled at 6591 Washington Cir., Wauwatosa, WI 53213.

7. Defendant, ManpowerGroup Inc., ("Manpower"), is a staffing company incorporated under the laws of the State of Wisconsin, with its principal place of business located at 100 Manpower Pl., Milwaukee, WI 53212.

## OPERATIVE FACTS

8. Gannon began his employment with Manpower on June 21, 2021, as the Third-Party Risk Management Senior Manager.

9. Gannon reported to Matthew Evans, Global Director of Governance and Compliance.

10. Gannon performed his job to the reasonable expectations of Manpower.

11. On May 27, 2025, Gannon informed Evans that he would be taking FMLA-protected paternity leave for the birth of his child, who was expected in July of 2025.

12. On May 27, 2025, Gannon informed Evans he planned to take leave beginning July 15, 2025.

13. On May 27, 2025, Gannon formally requested FMLA-protected paternity leave beginning on July 15, 2025 through ManpowerGroup's third-party benefit administrator, Lincoln Financial.

14. On June 16, 2025, Gannon received a calendar invite to a meeting his supervisor and a human resources employee scheduled for June 27, 2025.

15. On June 27, 2025, Gannon was told his role was being eliminated.

16. Gannon was told his last day would be July 14, 2025—the day before his paternity leave was set to begin.

17. Between June 27, 2025 and July 14, 2025, there was no indication that Gannon's job duties were actually eliminated, and his job duties were absorbed by other employees who were not going on FMLA leave.

18. Gannon was not aware of any his peers in the organization who were being laid off at the same time as he was.

19. There was no discussion of wider layoffs surrounding the elimination of Gannon's position.

20. Manpower employed more than 50 employees during the relevant period and was therefore subject to the FMLA.

21. Gannon was entitled to leave under the FMLA for the birth of his child.

22. Gannon provided sufficient notice of his intent to take FMLA-qualifying leave.

23. Manpower's willful and bad faith violations of Gannon's rights under the FMLA resulted in the termination of his employment on or about July 14, 2025, causing him to suffer a loss of pay and benefits.

## FIRST CLAIM FOR RELIEF
## FMLA RETALIATION § 2615(a)(2)

24. As and for a first claim for relief, Gannon re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

25. Defendant violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse actions of terminating the Plaintiff because of his activities protected by the FMLA.

26. The allegations more particularly described above regarding the intentional discriminatory practices of Defendant, were not made with good faith or reasonable grounds for believing that the conduct did not violate the FMLA.

27. The allegations more particularly described above caused Gannon wage loss, benefits loss, and expenses, all to his damage.

## SECOND CLAIM FOR RELIEF
## FMLA INTERFERENCE § 2615(A)(1)

28. As and for a second claim for relief, Gannon re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

29. Defendant deprived Gannon of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the FMLA's protections, Manpower was covered by the FMLA, Gannon was entitled to leave under the FMLA, he provided sufficient notice of his intent to take FMLA-qualifying leave, and Defendant denied him FMLA benefits to which he was entitled.

30. The allegations more particularly described above regarding the intentional discriminatory practices of Defendant, were not made with good faith or reasonable grounds for believing that the conduct did not violate the FMLA.

31. The allegations more particularly described above caused Gannon wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE Plaintiff demands relief as follows:

    A. judgment against the above-named Defendant awarding Plaintiff damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violations;

B. judgment against the above-named Defendant awarding Plaintiff compensatory damages for losses of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, mental anguish, and medical expenses;

C. judgment against the above-named Defendant awarding Plaintiff reinstatement and/or damages for monetary losses and expenses;

D. judgment against the above-named Defendant awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees;

E. judgment against the above-named Defendant awarding Plaintiff an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

F. such other relief as the Court deems just and equitable.

Dated this 3rd day of December, 2025.

*Electronically signed by Nicholas O. Yurk*
Nicholas O. Yurk, SBN: 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: NYurk@Employee-Advocates.com